IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH EMERSON | ) | CASE NO: 3:24-CV-00450-JRK |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP II |
| | ) | |
| v. | ) | **MOTION TO DISMISS PRO SE** |
| | ) | **COMPLAINT BY VEXATIOUS** |
| MATCH GROUP LLC, *et al.*, | ) | **LITIGATOR PURSUANT TO FED. R.** |
| | ) | **CIV. P. 12 AND 12/1/20 ORDER** |
| Defendants. | ) | **ISSUED BY HON. JAMES G. CARR** |
| | ) | |

*Pro se* Plaintiff Joseph Emerson filed this action in the Lucas County Common Pleas Court against "Toledo FBI, "Detroit FBI," and Match Group, LLC and the case was subsequently removed to this Court by Defendant Federal Bureau of Investigation. (Doc. No. 1). The Complaint consists entirely of rambling, incoherent, stream-of-consciousness narrative. A district court "may, at any time, *sua sponte* dismiss a Complaint when the allegations of the Complaint 'are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.'" *Joseph Emerson v. Federal Bureau of Investigation*, Case No. 3:20-cv-016634 (N.D. Ohio Dec. 1, 2020); quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 436-37 (1974)). Because the Complaint does not include a lucid statement of fact or an identifiable legal claim, and does not meet basic notice pleading requirements, dismissal of the Complaint is warranted for this reason alone.

Yet there is a more immediate, procedural reason for dismissal of Plaintiff's Complaint without further notice. Plaintiff is a familiar litigant in the Northern District of Ohio. He has filed at least 19 lawsuits prior to this one, which were each dismissed as frivolous by the Northern District of Ohio. *See Emerson v. Local 50 Northwestern Ohio Plumbers and Pipefitters*, No. 3:15-cv-02074 (N.D. Ohio Nov. 17, 2015); *Emerson v. Chrysler Headquarters et al*, No. 3:18-

cv-02137 (N.D. Ohio Jan. 11, 2019); *Emerson v. Hilton Worldwide Global Headquarters et al*, No. 3:18-cv-02796 (N.D. Ohio Jan. 11, 2019); *Emerson v. Dept. of Public Utilities*, No. 3:19-cv-00351 (N.D. Ohio July 31, 2019); *Emerson v. Williams et al*, No. 3:19-cv-00365 (N.D. Ohio Jan, 2, 2020); *Emerson v. Beal*, No. 3:19-cv-00366 (N.D. Ohio Mar. 11, 2019); *Emerson v. CBS Headquarter et al*, No. 3:19-cv-00414 (N.D. Ohio May 29, 2019); *Emerson v. Myler*, No. 3:19-cv-00425 (N.D. Ohio Dec. 30, 2019); *Emerson v. Hebb*, No. 3:19-cv-00460 (N.D. Ohio Mar. 28, 2019); *Emerson v. City of Monroe et al.*, No. 3:19-cv-00461 (N.D. Ohio Dec. 30, 2019); *Emerson v. Facebook et al.*, No. 3:19-cv-00475 (N.D. Ohio Mar. 19, 2019); *Emerson v. Federal Bureau of Investigation*, Case No. 3:20-cv-016634 (N.D. Ohio Dec. 1, 2020).

Lately, and in 2023 alone, Plaintiff filed at least seven lawsuits that were each dismissed *sua sponte* by the Supreme Court of Ohio. *See e.g. Emerson v. Newmark*, Supreme Court of Ohio Case No. 2023-0362 (May 31, 2023); *Emerson v. United States Dist. Court*, Supreme Court of Ohio Case No. 2023-0139 (Jun. 1, 2023); *Emerson v. FBI Interstate*, Supreme Court of Ohio Case No. 2023-0102 (Aug. 2, 2023); *Emerson v. Auto Warehousing Co.*, Supreme Court of Ohio Case No. 2023-0262 (Sept. 6, 2023); *Emerson v. Local 421,* Supreme Court of Ohio Case No. 2023-0365) (Sept. 6, 2023); *Emerson v. Northend Properties JS,* Supreme Court of Ohio Case No. 2023-0361) (Sept. 6, 2023); *Emerson v. Facebook, Toledo FBI, Detroit FBI, Austin FBI, and Shaquille O'Neal*, Supreme Court of Ohio Case No. 2023-0647 (Oct. 25, 2023).

On September 6, 2023, the Supreme Court of Ohio found Plaintiff Joseph Emerson to be a vexatious litigator under S.Ct.Prac.R. 4.03(B). *Emerson v. Local 421*, 171 Ohio St.3d 1415, 2023-Ohio-3100, 216 N.E.3d 672.[1]

---

[1] *See also*, Vexatious Litigators list at the Supreme Court of Ohio website: https://www.supremecourt.ohio.gov/opinions-cases/office/vexatious-litigators-supreme-court/

In an Order issued on December 1, 2020 in the Northern District of Ohio, Judge James Carr "permanently enjoined [Joseph Emerson] from filing additional actions or prosecuting additional actions in this Court without first obtaining leave of court" as set forth in his Order. *Emerson v. Federal Bureau of Investigation*, Case No. 3:20-cv-016634 at pp. 2-3 (N.D. Ohio Dec. 1, 2020) (case is attached hereto as Exhibit A). Judge Carr established the following requirements applicable to Emerson's future matters in federal court:

> "[Plaintiff Joseph Emerson] is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court from the Chief Judge or the Miscellaneous Duty Judge in accordance with the following:
>
> 1. He must file a Motion Pursuant to Court Order Seeking Leave to File with any document he proposes to file and he must attach a copy of this Order to it (any such Motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any Motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by his in this or any other court, (2) the -2- Case: 3:20-cv-01634-JGC Doc #: 8 Filed: 12/01/20 2 of 4. PageID #: 183 claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any Court against each and every Defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.
>
> 4. As a third exhibit to the Motion, he must provide a copy of each Complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.
>
> The Court may deny any Motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the Motion is denied, the document shall not be filed. Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any Motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly. **If Plaintiff files the action in state court and it is removed to federal court by the Defendant, it will be dismissed without further notice by the Court unless Plaintiff immediately files the Motion for leave to proceed and attaches the three exhibits as set forth above**."

*Id.* at pp. 2-3 (N.D. Ohio Dec. 1, 2020) (emphasis added).

The present lawsuit was removed to federal court 24 days ago, on March 8, 2024. Plaintiff did not immediately file the Motion for Leave required by this Court. For this reason, an immediate dismissal of this case without further notice is warranted.

Defendant Match Group, LLC reserves the right to seek dismissal of Plaintiff's claims for reasons in addition to those addressed above, including but not limited to arguments based on Rule 12(b)(1) through Rule 12(b)(7); Section 230 of the Communications Decency Act (47 U.S.C. § 230(b)(1)-(2)); and disclaimers or limitations of liability under the applicable Terms of Use. Defendant withholds those arguments here due to Plaintiff's clear violation of the Order issued by Judge Carr in *Emerson v. Federal Bureau of Investigation* that specifically applies to the Plaintiff who has filed the present lawsuit.

Respectfully submitted,

/s/ *Christopher E. Cotter*
Christopher E. Cotter (84021)
ccotter@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577
ATTORNEY FOR MATCH GROUP, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing has been filed electronically on April 1, 2024. Notice of this filing will be sent by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's system.

/s/ *Christopher E. Cotter*
Counsel for Defendant Match Group, LLC