# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**JOSEPH EMERSON,**                            CASE NO. 3:24 CV 450

      Plaintiff,

      v.                                        JUDGE JAMES R. KNEPP II

**MATCH GROUP LLC, et al.,**

      Defendants.                     **ORDER OF DISMISSAL**

On February 27, 2024, *pro se* Plaintiff Joseph Emerson filed a Complaint in the Lucas County Court of Common Pleas. (Doc. 1-1). Defendants Toledo FBI and Detroit FBI removed the case to this Court on March 8, 2024. (Doc. 1). For the reasons discussed below, this action is dismissed.

Plaintiff is a familiar and prolific litigant in the Northern District of Ohio. He has been barred from proceeding *in forma pauperis*, *Emerson v. Facebook et al.*, No. 3:19-cv-475 (N.D. Ohio March 19, 2019), and permanently enjoined from filing new suits without meeting certain pre-filing restrictions. *Emerson v. FBI*, No. 3:20-cv-1634 (Doc. 8). (N.D. Ohio December 1, 2020).

In the Court's Order enjoining filing, it held Plaintiff was "permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court from the Chief Judge or the Miscellaneous Duty Judge". *Id.* at 2; *see, e.g., Marbly v. Wheatley*, 87 F. App'x 535, 536 (6th Cir. 2004) ("A district court has the authority to issue an injunctive order to prevent prolific litigants from filing pleadings without first obtaining court approval to do so.") (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)).

For suits or documents filed in this Court, the Order required Plaintiff to file:

1. . . . [A] Motion Pursuant to Court Order Seeking Leave to File with any document he proposes to file and he must attach a copy of this Order to it (any such Motion should be filed in a miscellaneous case).

2. As an exhibit to any Motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by hi[m] in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any Court against each and every Defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.

4. As a third exhibit to the Motion, he must provide a copy of each Complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

*Id.* As is relevant to the instant case, the Court further explained: "If Plaintiff files the action in state court and it is removed to federal court by the Defendant, it will be dismissed without further notice by the Court unless Plaintiff *immediately* files the Motion for leave to proceed and attaches the three exhibits as set forth above." *Id.* at 3 (emphasis added).

This action was removed to this Court on March 8, 2024. (Doc. 1). It is now April 4, 2024, and Plaintiff has not complied with the above-described filing requirements.

For the foregoing reasons, good cause appearing, it is

ORDERED that this case be, and the same hereby is, DISMISSED; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

        s/ *James R. Knepp II*
        UNITED STATES DISTRICT JUDGE